UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HUCKABEE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-1084-JBM |
| TIFFANIE CLARK, *et al.*, | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and incarcerated at Western Illinois Correctional Center, filed a complaint under 42 U.S.C. § 1983 against Warden Tiffanie Clark, Assistant Warden Tracey Bordner, Lieutenant Thrush, Lieutenant Jester, Lieutenant Hamlin, and Wexford Health Sources Incorporated.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff attached 115 pages of exhibits to his complaint and filed four separate exhibits, which were not reviewed. (Doc. 1 at 15-129 and Docs. 6, 8, 9, 10). *See Fitzgerald v. Dep't of Corr.*, No. 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007) (Plaintiff's grievances and prison

1

officials' responses were not "necessary to the complaint."); *see also Spivey v. Pierce*, No. 10-cv-1050, 2010 WL 2331174, at n. 2 (C.D. Ill. June 9, 2010) ("Though proceeding *pro se*, [Plaintiff] must set out his facts and arguments in a coherent manner, rather than merely dumping all potentially-relevant documents upon the Court.").

## FACTS

From what the Court has been able to decipher from Plaintiff's largely illegible complaint, Plaintiff claims that Lieutenant Thrush violated his First Amendment right to freedom of speech and subjected him to cruel and unusual punishment on November 25, 2021. He also alleges that he was pepper sprayed for no reason; he was denied meals; and segregation was used to punish and intimidate him. It is unclear who Plaintiff claims is responsible, as he provided no further context or details.

Plaintiff also alleges that between 10:00-11:00 a.m. on December 1, 2021, Lieutenants Thrush, Jester, and Hamlin allowed Plaintiff to be attacked right in front of them and did nothing to stop it. Plaintiff claims that they were negligent and careless. Again, Plaintiff provided no additional details, such as who attacked him or where the attack occurred.

Plaintiff alleges that he asked Warden Clark and Assistant Warden Bordner for help, but they allegedly declined to provide any assistance. Plaintiff claims this created unsafe conditions.

## ANALYSIS

The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods,*

*Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Here, the Court finds that Plaintiff's allegations are too vague and devoid of sufficient context and detail to place Defendants on notice of the claims against them.

Plaintiff's claims as pled represent an impermissible misjoinder. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id*. Here, Plaintiff alleges unrelated violations on different dates involving different Defendants. These diverse claims do not appear to arise out of a single transaction and do not involve common questions of fact. Fed. R. Civ. P. 20(a)(2)(A) and (B); *Davis v. Harding*, No. 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013). Plaintiff's complaint is DISMISSED without prejudice for failure to state a claim. He will be given an opportunity to replead.

With regards to Warden Clark and Assistant Warden Bordner, Plaintiff merely alleges that he asked them for help, and they refused. Plaintiff does not plead any other facts in support of his claim or state whether the suit is brought against them in their official capacities, individual capacities, or both. It is well-recognized that § 1983 liability is predicated on fault; "thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Section 1983 does not allow actions against

individuals just for their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (internal quotations and citations omitted).

Finally, Plaintiff names Wexford Health Sources Incorporated as a Defendant but does not plead any claims against Wexford in the complaint itself. To be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville*, 266 F.3d at 740 (quoting *Chavez*, 251 F.3d at 651). This includes a quasi-governmental entity such as Wexford; liability is imposed under § 1983 when the challenged conduct executes or implements a formally adopted policy or reflects practices of state officials "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)).

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff has 30 days to file an amended complaint. The amended complaint is to include all of Plaintiff's claims without reference to a prior pleading. The failure to file an amended complaint will result in the dismissal of this case without prejudice.

2.  Plaintiff also files [5], a motion for recruitment of counsel. The Court does not have authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). As a result, Plaintiff must attempt to secure counsel on his own. *Id*. at 654-55. Plaintiff attached only one letter from the American Civil Liberties Union

declining representation. As a result, Plaintiff fails to demonstrate that he made a good faith effort to obtain counsel to represent him. [5] is DENIED. In the event that Plaintiff renews his motion, he is to provide additional copies of the letters sent to, and received from, prospective counsel.

ENTERED: 5/17/2022

                                                          s/ Joe Billy McDade
                                                          Joe Billy McDade
                                                          United States District Judge