UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HUCKABEE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 22-cv-1084-JBM |
| ) | |
| SHAWN THRUSH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and incarcerated at Western Illinois Correctional Center ("Western"), filed an amended complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff alleges that an unknown white male officer attacked him while he was inside dietary between 10:00-11:00 a.m. on December 1, 2021, and that he sustained injuries. Defendants Thrush, Jester, and Hamlin, who are Lieutenants at Western, allegedly witnessed the attack and did nothing to prevent or stop the beating, which occurred right in front of them. Plaintiff states

1

that video footage and incident reports support his claims. Plaintiff does not know the name of the male officer who attacked him and claims that Defendants refused to reveal the officer's name.

## ANALYSIS

To state an excessive force claim, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 F. App'x. 982, 983-84 (7th Cir. 2017).

Plaintiff alleges that he was attacked and beaten by an unknown white male officer on December 1, 2021, inside dietary at Western and sustained injuries. His amended complaint, which consists of a one-page statement, is devoid of any additional details about what occurred during the alleged attack. (*See* Doc. 14 at 4). Plaintiff claims that he was injured, but he offers no information about the injuries he sustained. He also did not name the unknown officer as a Defendant. While Plaintiff may be able to bring an excessive force claim against the unknown officer, his allegations as currently pled are too sparse in explaining the circumstances of the assault to sufficiently put the officer on notice of the claims being brought. *See* FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff will be given a final opportunity to file a second amended complaint within 30 days.

Plaintiff also alleges that Defendants Thrush, Jester, and Hamlin failed to intervene when the unknown officer attacked him. The Seventh Circuit has long recognized that officers "'who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so'" may be held liable for the failure to intervene. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (quoting *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). A failure to intervene claim requires evidence of the following: (i) the defendant knew of the unconstitutional conduct; (ii) the defendant had a realistic opportunity to prevent the harm; (iii) the defendant failed to take reasonable steps to prevent the harm; and (iv) the plaintiff suffered harm as a result. *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). ‼

Plaintiff claims that Defendants Thrush, Jester, and Hamlin observed the attack, which occurred directly in front of them, and did nothing to prevent or stop the beating. Plaintiff's amended complaint includes no details about the attack, the force used, its duration, or the injuries allegedly sustained. Accordingly, the Court finds that Plaintiff has failed to plead a failure to intervene claim based on these allegations pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Defendants Thrush, Jester, and Hamlin are DISMISSED without prejudice. Plaintiff will be given a final opportunity to file a second amended complaint within 30 days.

    **IT IS THEREFORE ORDERED:**

1. **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have a final opportunity to file a second amended complaint within 30 days from the entry of this Order. Plaintiff's second amended complaint will replace Plaintiff's amended complaint in its entirety. The second amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely second amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.**

2. **The Clerk is DIRECTED to TERMINATE Lieutenant "Shawn M Thrush" as a Defendant. Plaintiff named Lieutenant "Shawn Thrush" as a Defendant in his amended complaint, and "Shawn Thrush" was added to the docket as a Defendant on June 6, 2022. Both Defendants are the same individual.**

ENTERED:  9/27/2022

                                                                 s/ Joe Billy McDade
                                                                 Joe Billy McDade
                                                                 United States District Judge