UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HUCKABEE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  Case No. 22-cv-1084-JBM |
| | ) |
| SHAWN THRUSH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files a second amended complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated at Illinois River Correctional Center ("Illinois River"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the second amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff files suit against three lieutenants at Illinois River – Defendants Jester, Hamlin, and Shawn Thrush. Plaintiff alleges that he was seated at a table inside dietary between 10:00 and 11:00 a.m. on December 1, 2021. Defendants Jester and Hamlin were located on Plaintiff's left, and Defendant Thrush was on Plaintiff's right approximately three or four feet away.

1

Unbeknownst to Plaintiff, an unknown white male inmate from the other side of dietary, walked past Defendants toward Plaintiff, who was eating his food with his head down. Plaintiff states that he was "blindsided" when the unknown inmate attacked him. Plaintiff alleges that Defendants, who were no more than three or four feet away, ignored the attack for five minutes before intervening. Plaintiff alleges that he was injured and sustained a brain tumor as a result of the attack.

When they finally intervened, Plaintiff was already on the ground. He alleges that Defendant Thrush used excessive force by pepper spraying him for no reason because he was face down on the ground and never resisted arrest. Plaintiff alleges that he experienced blindness in his left eye for three days because of the pepper spray.

**ANALYSIS**

The Seventh Circuit has long recognized that officers "'who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so'" may be held liable for the failure to intervene. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (quoting *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). A failure to intervene claim requires evidence of the following: (i) the defendant knew of the unconstitutional conduct; (ii) the defendant had a realistic opportunity to prevent the harm; (iii) the defendant failed to take reasonable steps to prevent the harm; and (iv) the plaintiff suffered harm as a result. *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). Plaintiff alleges that Defendants, who were standing no more than three or four feet away, saw the inmate walk past them and attack Plaintiff, but they ignored the attack for five minutes. Plaintiff claims that he suffered a brain tumor as a result of the attack. The Court finds at this pleading stage that Plaintiff

has stated a failure-to-intervene claim against Defendants Thrush, Jester, and Hamlin for failing to intervene when Plaintiff was attacked by the unknown inmate.

Plaintiff also claims that Defendant Thrush used excessive force against him by pepper spraying him. To state an excessive force claim, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 F. App'x. 982, 983-84 (7th Cir. 2017). When Defendant Thrush pepper sprayed Plaintiff, he was allegedly already on the ground and was not resisting. Plaintiff alleges that he suffered blindness in his left eye for three days due to the pepper spray. Based on these allegations, the Court finds that Plaintiff has stated a claim of excessive force against Defendant Thrush.

**IT IS THEREFORE ORDERED:**

**1.    According to the Court's Merit Review of Plaintiff's complaint under 28 U.S.C. § 1915A, this case shall proceed on a failure-to-intervene claim against Defendants Thrush, Jester, and Hamlin and an excessive force claim against Defendant Thrush, as stated above. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.**

**2.    Plaintiff's Motion for Status [20] is MOOT.**

**3.     This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

**4.     The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**5.     Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.**

**6.     If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

**7.     This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

**8.     Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.**

9. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. Plaintiff shall be provided a copy of all pertinent medical records upon request made to the medical records keeper; Plaintiff shall provide Defendant with a copy of all pertinent medical records upon request.

11. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 2/3/2023

s/ Joe Billy McDade
Joe Billy McDade
United States District Judge